# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHISN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Pedro Mendiola, Miguel Jimenez ) Juan Carlos Cruz Valentin, Camerino ) Cantaran, Miguel Angel Jimenez ) Plaintiffs, ) ) v. ) ) John Howley and Galway Painting, Inc. ) ) Defendants. ) | Case No. 18-cv-8536 Jury demanded |

## COMPLAINT

Plaintiffs Pedro Mendiola, Miguel Jimenez, Juan Carlos Cruz Valentin, Camerino Cantaran, Miguel Angel Jimenez Plaintiffs, ("Plaintiffs"), through their attorneys, Lopez & Sanchez, LLP for their Complaint against John Howley and Galway Painting Inc., Inc. (collectively "Defendants"), states as follows:

## INTRODUCTION

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA") for failure to pay overtime for all hours worked in excess of forty (40) hours in a workweek, and failure to pay all earned wages for all time worked when due.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

## THE PARTIES

3. At all relevant times herein, Plaintiffs Pedro Mendiola, Miguel Jimenez, Juan Carlos Cruz Valentin, Camerino Cantaran, Miguel Angel Jimenez resided in and were domiciled within this judicial district.

4. At all relevant times herein, Plaintiffs were employed by Defendants as "employees" as defined by the FLSA, IMWL, IWPCA within this judicial district.

5. At all relevant times herein, Plaintiffs were not exempt from the overtime provisions of the FLSA, 29 U.S.C. §207, and the IMWL, 820 ILCS 105/1 *et seq*.

6. During the course of their employment from July 2014 until March 2018, Plaintiffs worked for Defendants repairing painting commercial and residential properties both in and pout of Illinois.

7. Defendant John Howley is the President of Galway Painting, Inc. (Galway) and was involved in the day to day business operation of Defendant Galway. Defendant had the authority to hire and fire persons employed by Defendant Galway, including the Plaintiffs; the authority to direct and supervise the work of Defendant Galway, employees; the authority to sign on Defendant Galway checking accounts, including payroll accounts; and the authority to make decisions regarding employee compensation and capital expenditures.

8. Defendant John Howley was Plaintiffs' "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq*. Defendant Galway Painting, Inc. ("Galway"), is a corporation organized under the laws of the State of Illinois, with its principal place of business within this judicial district, specifically on information and belief, at 1831 Stewart Ave, Park Ridge, IL 60068.

9. Defendant Galway is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

10. Defendant Galway has had two or more employees, including Plaintiffs, who handle goods that moved in interstate commerce.

11. At all relevant times herein, Defendant Galway was Plaintiffs' "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.*

12. Plaintiffs worked for Defendants from July 2014 through 2017.

13. Plaintiffs worked approximately 60 hours per week, although there were times they worked more hours.

14. They worked painting for wages between $12 and $19 per hour for this work.

15. Defendants failed to pay Plaintiffs overtime compensation for the time they worked over 40 hours a week.

16. Plaintiffs have executed a consent to sue letter, which are attached to this complaint as an exhibit.

## COUNT I
### Violation of the Fair Labor Standards Act - Minimum Wages

17. Plaintiffs incorporate and re-allege paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay all wages to Plaintiffs that they were due.

19. During the course of Plaintiffs' employment by Defendant, Plaintiffs were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §206.

3

20. During the course of Plaintiffs' employment with Defendant, Plaintiffs were directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

21. Plaintiffs worked approximately 60 hours per week, although there were times they worked more hours.

22. Plaintiffs were compensated at a rate of between $12.00 and $19.00 per hour, but were sometimes not paid for all of their overtime hours and were owed pay for time they worked which was never paid.

23. Defendants' failure to pay Plaintiffs the minimum wage for all time worked up to forty (40) hours per week violated the FLSA, 29 U.S.C. § 206.

24. Defendants willfully violated the FLSA by refusing to pay Plaintiffs the minimum wage for all time worked up to forty (40) hours in individual work weeks.

25. Plaintiffs are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure to pay their the minimum wage for all hours worked up to forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §206.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount Plaintiffs' regular rate for all time Plaintiffs worked in up to forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiffs are found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Fair Labor Standards Act - Overtime Wages

26. Plaintiffs incorporate and re-allege paragraphs 1 through 25 of this Complaint as though fully set forth herein.

4

27. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay overtime wages to Plaintiffs at a rate of one and one-half times Plaintiffs' regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

28. During the course of Plaintiffs' employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

29. During the course of Plaintiffs' employment with Defendants, Plaintiffs were directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

30. Plaintiffs worked approximately 60 hours per week, although there were times they worked more hours.

31. Plaintiffs were not paid time and a half for the hours they worked overtime and were not paid at all for other hours they worked overtime.

32. Pursuant to 29 U.S.C. §207, Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

33. Defendants' failure to pay Plaintiffs overtime wages at a rate of one and one-half times their hourly rate of pay for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

34. Defendant willfully violated the FLSA by refusing to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

35. Plaintiffs are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

5

  A. A judgment in the amount of one and one-half times Plaintiffs' regular rate for all time Plaintiffs worked in excess of forty (40) hours per week;

  B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiffs are found to be due and owing;

  C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

  D. Such further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law-Minimum Wages

36. Plaintiffs reallege and incorporate paragraphs 1-35 as if set forth herein.

37. Count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for failure to pay the minimum wage to Plaintiffs for all time worked up to of forty (40) hours in certain individual work weeks.

38. During the course of Plaintiffs' employment by Defendants, Plaintiffs were not exempt from the minimum wage provisions of the IMWL.

39. Plaintiffs worked approximately 60 hours per week, although there were times they worked more hours.

40. Pursuant to (820 ILCS 105/4) Plaintiffs were entitled to be compensated at an hourly rate of between $10.00 and $11.00 per hour pay for all time worked up to forty (40) hours in individual work weeks.

41. Defendants did not compensate Plaintiffs at the minimum rate of pay for all time worked up to forty (40) hours in individual work weeks.

42. Defendants' failure to pay Plaintiffs the minimum wage for all time worked up to forty (40) hours in individual work weeks violated the minimum wage provisions of the IMWL, 820 ILCS 105/4(a).

43. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

    WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

    A. A judgment in the amount of all back wages due as provided by the IMWL;

    B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

    D. Such further relief as this Court deems appropriate and just.

## COUNT IV
## Violation of the Illinois Minimum Wage Law-Overtime Wages

44. Plaintiffs reallege and incorporate paragraphs 1-43 as if set forth herein.

45. Count arises from Defendant's violation of the IMWL, 820 ILCS 105/1 *et seq*., for failure to pay overtime wages to Plaintiffs at a rate of one and one half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

46. During the course of Plaintiffs' employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the IMWL.

47. Plaintiffs worked approximately 60 hours per week, although there were times they worked more hours.

48. Pursuant to 820 ILCS 105/4a(1) Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

49. Defendants did not compensate Plaintiffs at the rate of one and one half time their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

50. Defendants' failure to pay Plaintiffs overtime wages at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks violated the maximum hour provisions of the IMWL, 820 ILCS 105/4(a).

51. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiffs prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due as provided by the IMWL;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

D. Such further relief as this Court deems appropriate and just.

Respectfully submitted,

/s/ Jorge Sanchez
One of Plaintiffs's attorneys

Jorge Sanchez
Baldemar Lopez
Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784

Dated: December 28, 2018

8