UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PEDRO MENDIOLA, MIGUEL JIMENEZ, JUAN CARLOS CRUZ VALENTIN, CAMERINO CANTARAN, and MIGUEL ANGEL JIMENEZ, | ) ) ) ) | 18 C 8536 |
| Plaintiffs, | ) ) | Judge Gary Feinerman |
| vs. | ) ) | |
| JOHN HOWLEY and GALWAY PAINTING, INC., | ) ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiffs allege that Defendants failed to pay them overtime and earned wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* Doc. 1. Defendants move to dismiss for want of prosecution. Doc. 20. The motion is denied on the condition that Plaintiffs' counsel reimburse Defendants for the reasonable fees and costs they incurred in pursuing Plaintiffs' written discovery responses and in litigating the motion.

**Background**

Plaintiffs filed this suit on December 28, 2018. Doc. 1. On April 2, 2019, the court adopted the parties' proposed September 20, 2019 fact discovery deadline. Docs. 14-15. On April 29, 2019, Defendants served Plaintiffs with interrogatories, requests for production of documents, and requests for admission. Doc. 20 at ¶ 3. The following day, Defendants served deposition notices for two plaintiffs. *Ibid.*

1

On June 4, 2019, Plaintiffs served responses to Defendants' request for admission but not to their interrogatories or requests for production. *Id*. at ¶ 4. Plaintiffs' counsel, Jorge Sánchez, explained by email that day: "I have prepared responses to the interrogatories, but am awaiting review and signatures from my clients." Doc. 20-1 at 4. That representation was false. As Attorney Sánchez acknowledged at the motion hearing, Doc. 28, he in fact "hadn't finished the [interrogatory] responses" when he sent the June 4 email. Indeed, Attorney Sánchez had lost the notebook containing the relevant notes from his meeting with Plaintiffs. *Ibid.*; Doc. 23 at 3.

On June 17, 2019, Defendants canceled the noticed depositions because Plaintiffs had not responded to the interrogatories or requests for production. Doc. 20 at ¶ 5; Doc. 20-1 at 6. On August 26, 2019, Defendants served their mandatory initial disclosures and requested the status of Plaintiffs' written discovery responses and an estimate of when they would be available for depositions. Doc. 20 at ¶ 6; Doc. 20-1 at 9. Plaintiffs' counsel did not respond. Doc. 20 at ¶ 6.

On August 27, 2019, the court extended the fact discovery deadline to November 20, 2019. Doc. 17. On October 24 and 25, 2019, Defendants' counsel left messages for Plaintiffs' counsel regarding Plaintiffs' written discovery responses. Doc. 20 at ¶ 8. Plaintiffs' counsel did not respond. *Ibid*. On October 20, 2019, the court again extended the discovery deadline, this time to December 18, 2019. Doc. 18. On November 15, 2019, Defendants' counsel emailed Plaintiffs' counsel concerning their overdue written discovery responses, mandatory initial disclosures, and an initial settlement demand that Attorney Sánchez had promised. Doc. 20 at ¶ 10; Doc. 20-1 at 10. Plaintiffs' counsel did not respond. Doc. 20 at ¶ 10.

On January 9, 2020, the court ordered Plaintiffs to serve all outstanding written discovery responses by January 16, 2020, and to provide Defendants with available deposition dates by January 17, 2020. Doc. 19. Plaintiffs did not comply, Doc. 20 at ¶ 12, and instead emailed their

2

discovery responses to Defendants' counsel on January 28, 2020, Doc. 23 at 10, more than a week after Defendants filed the present motion. Although Defendants argue in their reply brief that Plaintiffs' discovery responses are deficient, Doc. 27 at 5-8, Defendants have not moved to compel proper responses and do not explain how the purported deficiencies should inform the court's decision on their motion to dismiss for want of prosecution.

## Discussion

Civil Rule 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "The sanction of dismissal is the most severe sanction that a court may apply, and its use must be tempered by a careful exercise of judicial discretion." *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931 (7th Cir. 2018) (internal quotation marks omitted). A district court must consider these factors in resolving a Rule 41(b) motion:

> [T]he frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice if any to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*Id*. at 931-32 (alteration in original). "Ultimately, the decision to dismiss depends on all the circumstances of the case." *Id*. at 932 (internal quotation marks omitted).

Attorney Sánchez's dilatory and deceptive conduct was significant and repeated. He served in late January 2020 written discovery responses that had originally been due in May 2019. Worse still, Attorney Sánchez lied to opposing counsel when asked about the tardy responses. For reasons difficult to grasp, Attorney Sánchez devotes several pages of Plaintiffs' response brief to describing his heavy caseload and pro bono commitments. Doc. 23 at 1-3. Invoking those efforts as an excuse, he states: "While Plaintiff's counsel attempts to stay on top

3

of his case load … , these attempts are not always successful." *Id*. at 3. That Attorney Sánchez allowed his other commitments to interfere with his duties to Plaintiffs, opposing counsel, and the court does not excuse his conduct. *See* Ill. Rules of Prof'l Conduct R. 1.3 (2010) ("A lawyer shall act with reasonable diligence and promptness in representing a client."); Ill. Rules of Prof'l Conduct R. 4.1 (2010) ("In the course of representing a client a lawyer shall not knowingly … make a false statement of material fact … to a third person … ."). Attorney Sánchez also tries to excuse the missed January 16 and 17, 2020 deadlines by invoking an illness. But he made no effort to contact opposing counsel or the court to inform either of his illness or the resulting delay. Doc. 27 at 3. Indeed, he did not serve Plaintiffs' written discovery responses until January 28, 2020, approximately two hours before the presentment hearing on Defendants' motion. Doc. 23 at 10.

Plaintiffs contend that Defendants should have filed a motion to compel before moving to dismiss. Doc. 23 at 4-6. But because the court had already ordered Plaintiffs to serve their written discovery responses by January 16, 2020, Doc. 19, Defendants did not need to move to compel. And the court cannot fault Defendants for attempting—repeatedly, Doc. 20-1 at 6-11— to prompt Attorney Sánchez to serve those written discovery responses during the preceding months rather than moving to compel, particularly given Attorney Sánchez's June 4, 2019 falsehood that responses were forthcoming and his representation that he was preparing a settlement demand.

Plaintiffs cite several cases for the proposition that a district court ordinarily should not dismiss a case with prejudice for failure to prosecute without first warning the plaintiff. Doc. 23 at 4-6. But the "opinions admonishing a district court for dismissing a case without warning involve *sua sponte* dismissals," and "[t]here is no need to warn that dismissal is coming when, as

4

here, the defendant files a motion with notice to the plaintiff asking for dismissal." *McMahan*, 892 F.3d at 933. "In such a situation, the plaintiff has an opportunity to explain itself by responding to the motion," as Plaintiffs did here. *Ibid*. "If, after hearing from both sides, the district court believes dismissal is appropriate, no purpose would be served by issuing a warning: the motion itself was the warning." *Ibid*.

All that said, the blame clearly rests solely on Attorney Sánchez, not on Plaintiffs. That circumstance is significant, for as the Seventh Circuit has observed, "the dismissal of a possibly meritorious suit imposes potential social as well as private costs greater than those of sanctioning the misbehaving lawyer, if his client has been blameless." *Ball v. City of Chicago*, 2 F.3d 752, 758 (7th Cir. 1993). Accordingly, "it is a sound practice" for the district court to first consider lesser sanctions directed against the blameworthy attorney. *Ibid*.

With that in mind, the court denies Defendants' motion to dismiss, but only on the condition that Attorney Sánchez and his law firm reimburse Defendants for the reasonable attorney fees and costs they incurred from June 5, 2019 through January 28, 2020 in an effort to obtain from Plaintiffs their overdue written discovery responses, as well as the reasonable fees and costs Defendants incurred in litigating the motion, whose filing is what finally prompted Attorney Sánchez to cough up Plaintiffs' written discovery responses. If reimbursement is not timely made, the court will dismiss this case for want of prosecution. And Plaintiffs are warned that the court will strictly enforce all deadlines moving forward, and that any material noncompliance may result in dismissal with prejudice.

## Conclusion

Defendants' motion to dismiss is denied on the condition that Attorney Sánchez reimburse Defendants for the above-referenced attorney fees and costs. By August 5, 2020,

Defendants shall file a memorandum, with invoices and any other pertinent evidentiary support, establishing their fees and costs. Plaintiffs will have until August 14, 2020 to respond, and Defendants will have until August 21, 2020 to reply. The reimbursement must be made within fourteen days of the court order determining the reimbursement amount. Once reimbursement is made, the court will re-set the case schedule and litigation may resume.

July 22, 2020  _____
United States District Judge